897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Annie Marie C. RHEA, Plaintiff-Appellant,
v.
SOMERVILLE BANK & TRUST COMPANY, Defendant-Appellee.
 No. 89-5477.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge
 PER CURIAM.
 
 
 1
 Debtor-appellant Annie Marie C. Rhea (appellant) appeals the dismissal of her bankruptcy petition filed under Chapter 12 of the Bankruptcy Code, 11 U.S.C. Secs. 1201-1231. Appellant filed her Chapter 12 petition on January 23, 1987. Appellee Somerville Bank & Trust Company (appellee), a creditor of appellant, subsequently moved the bankruptcy court to dismiss the petition, alleging that appellant was ineligible for relief under Chapter 12. The bankruptcy court, finding appellant ineligible for Chapter 12 relief, granted appellee's motion to dismiss, which ruling was timely appealed to the district court. In an order dated January 20, 1989, the district court affirmed the bankruptcy court, giving rise to the instant appeal.
 
 
 2
 Appellant lives in Fayette County, Tennessee, where she owns a tract of productive farmland in partnership with her son. Appellant also owns a full interest in a cotton gin, which engages primarily in ginning cotton grown by third party farmers. Appellant's claim to eligibility for Chapter 12 relief hinged on a determination of whether the income she earned in the tax year 1986 from her interest in the cotton gin was income from a "farming operation." See 11 U.S.C. Secs. 101(18) and 101(20).
 
 
 3
 In determining that the cotton gin was not a "farming operation" within the meaning of the Bankruptcy Code, the district court evaluated the ginning operation in light of three alternative tests that have been formulated by federal courts in other judicial circuits. See Matter of Armstrong, 812 F.2d 1024 (7th Cir.1987); In re Dakota Lay'd Eggs, 57 Bankr. 648 (Bankr.D.N.D.1986); In re Guinnane, 73 Bankr. 129 (Bankr.D.Mont.1987). The district court concluded that in the context of the case at bar, the cotton gin was not a farming operation under any of the applicable tests.
 
 
 4
 After review of the record, the briefs and arguments of the parties, and the applicable case law, the court is of the opinion that, for the reasons expressed in its order dated January 20, 1989, the district court was correct in holding that the cotton gin was not a "farming operation" and that appellant was not entitled to relief under Chapter 12 of the Bankruptcy Code. Accordingly, the judgment of the district court is AFFIRMED.